UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>ALEXANDER MIROSHNICHENKO,<br>    Defendant. | Case No.18-cv-01584-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 11 |

## I. BACKGROUND

Pursuant to sections 7401 and 7402 of the Internal Revenue Code of 1986, the United States filed this civil suit, seeking to reduce to judgment unpaid federal income taxes owed by Alexander Miroshnichenko. According to the complaint, the government made assessments against Mr. Miroshnichenko, based on his Form 1040 returns, for unpaid federal income taxes, penalties and interest for the tax years 2005, 2006, 2008, 2009, 2010 and 2011. As of September 21, 2017, Mr. Miroshnichenko reportedly still owes $2,301,240.57,[1] which includes unpaid assessed balances, as well as unassessed but accrued penalties and interest, minus any credits. Dkt. No. 1, Complaint ¶ 7. The government further alleges that despite timely notice and demands for payment, Mr. Miroshnichenko has not paid the outstanding sum. *Id.* ¶ 8.

After Mr. Miroshnichenko failed to answer the complaint or otherwise appear in this matter, the United States moved for entry of his default. The docket indicates that the government

---

[1] Although the government says that $2,301,260.57 remains to be paid, the sums identified in the complaint total $2,301,240.57. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

served its request for entry of default on Mr. Miroshnichenko by mail. Dkt. No. 9 at 2; Dkt. No. 9-1 at 3. He has never filed any response. The Clerk's Office entered his default on May 24, 2018. Dkt. No. 10.

The United States now moves for default judgment as to Mr. Miroshnichenko's unpaid federal income taxes, plus interest and penalties from September 21, 2017 until paid in full. Although the government did not provide Mr. Miroshnichenko with written notice of the present motion, a party in default is not entitled to notice under Fed. R. Civ. P. 55 unless he has appeared, formally or informally, and demonstrated a clear intent to defend the suit. Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."); *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir.1993) ("While it is true that the failure to provide 55(b)(2) notice, if the notice is required, is a serious procedural irregularity that usually justifies setting aside a default judgment or reversing for the failure to do so, notice is only required where the party has made an appearance.") (quotations and citations omitted); *Wilson v. Moore & Assocs., Inc.*, 564 F.2d 366, 368 (9th Cir.1977) ("No party in default is entitled to 55(b)(2) notice unless he has 'appeared' in the action."). As discussed above, Mr. Miroshnichenko has never appeared, formally or otherwise, in this case.

The United States has consented to proceed before a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Mr. Miroshnichenko, however, has never appeared and is in default. Accordingly, this Court directs the Clerk of the Court to reassign this action to a district judge, with the following report and recommendation that the United States' motion for default judgment be granted.[2]

## II. LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a).

---

[2] The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b).

2

After entry of default, a court may, in its discretion, enter default judgment. Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

## III. DISCUSSION

### A. Jurisdiction and Service of Process

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Jurisdiction over this action is conferred by Section 7402(a) of the Internal Revenue Code of 1986, which provides:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

26 U.S.C. § 7402(a). The Court also has personal jurisdiction over Mr. Miroshnichenko, who is alleged to reside within this district in Los Altos, California. There is no indication that Mr. Miroshnichenko is a minor or an incompetent person. Further, the docket indicates that he was

3

personally served with process (Dkt. No. 8). *See* Fed. R. Civ. P. 4(e)(2)(A) (providing that service may be effected upon an individual within the United States by "delivering a copy of the summons and of the complaint to the individual personally.").

B.  ***Eitel* Factors**

For the reasons to be discussed, the *Eitel* factors weigh in favor of entering default judgment.

### 1. The possibility of prejudice to the United States

According to the complaint's factual allegations, Mr. Miroshnichenko has failed to pay federal income taxes for several tax years over the course of more than a decade. Because Mr. Miroshnichenko has not appeared in this action, and because the United States apparently has been otherwise unable to collect the taxes owed, denial of default judgment risks continuing losses and prejudice to the government. *See, e.g., United States v. Sundberg*, No. C09-4085 EMC, 2011 WL 3667458, at *4 (N.D. Cal., Aug. 22, 2011) (concluding that the United States would be prejudiced where the defendant failed to appear and the government was unlikely to resolve its tax claims without a default judgment). This factor weighs in favor of default judgment.

### 2. The merits of the United States' claim and the sufficiency of the complaint

Pursuant to the second and third *Eitel* factors, this Court concludes that the complaint alleges a meritorious substantive claim for relief. The United States says that the present action was filed "at the direction of the Attorney General of the United States, with the authorization and sanction and at the request of the Division counsel of the Internal Revenue Service ["IRS"], a delegate of the Secretary of the Treasury." Complaint ¶ 2. The government is authorized by statute to bring the present action on behalf of the IRS to collect unpaid federal taxes. *See* 26 U.S.C. § 7401 ("No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.").

Additionally, the government has submitted IRS Certificates of Assessments and Payments (IRS Form 4340) to substantiate the sums at issue, as well as the assessments that were made for

each of the tax years in question. Dkt. No. 11-1, Declaration of Thomas Moore ("Moore Decl.") ¶ 3, Exs. 1-6. In the absence of any evidence to the contrary, the government's Forms 4340 are sufficient to establish the monetary amounts at issue and that the assessments properly were made. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (concluding that, absent any contrary evidence, the government properly relied on Form 4340 to show that the IRS sent the taxpayers notice and demand for payment); *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992) (holding that IRS Form 4340 is admissible as a public record and, "in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made."). According to the complaint's factual allegations, which are deemed true, Mr. Miroshnichenko has not paid, despite being given timely notice and demand for payment of the outstanding federal income taxes, penalties and interest. Complaint ¶ 8. Moreover, the present action timely was filed, having been brought within ten years of the earliest assessment date listed on the Forms 4340.[3] 26 U.S.C. § 6502(a)(1).

This Court concludes that the merits of the United States' claim and the sufficiency of its complaint weigh in favor of default judgment.

### 3. The amount of money at stake

This *Eitel* factor requires the Court to consider "'the amount of money at stake in relation to the seriousness of defendant's conduct.'" *Sundberg*, 2011 WL 3667458 at *5 (quoting *Bd. of Trustees of the N. Cal. Sheet Metal Workers v. Peter*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *5 (N.D. Cal., Dec. 29, 2000)). Although the sum of money at stake is not trivial, it represents liabilities accrued by Mr. Miroshnichenko over multiple tax years. As discussed above, the sums are supported by the government's IRS Forms 4340, as to which the Court has been presented with no contrary evidence. Additionally, there is well-established authority for the payment of interest on the underpayment or nonpayment of taxes. *See* 26 U.S.C. §§ 6601(a), 6621, 6622(a); 28 U.S.C. § 1961(c). For these reasons, this Court concludes that while the sum of money at stake is significant, the government's requested judgment is not

---

[3] The earliest assessment for the taxes in question was made on July 14, 2008. Moore Decl., ¶ 3 Ex. 1 at ECF p. 2. The government's complaint was filed on March 13, 2018. Dkt. No. 1.

5

unreasonable. This factor weighs in favor of default judgment.

### 4. The possibility of a dispute concerning material facts

Because Mr. Miroshnichenko has not appeared, and because all liability-related allegations are deemed true, there is little possibility of a dispute as to material facts. Moreover, for the reasons discussed above, the United States has alleged sufficient facts and presented certified assessment Forms 4340 detailing Mr. Miroschnichenko's tax liabilities for the tax years at issue. Moore Decl. ¶ 3, Exs. 1-6. This factor weighs in favor of default judgment. *See Sundberg*, 2011 WL 3667458 at *5 (concluding that this factor favored default judgment where the merits of the action were well-established and the taxes assessed were based on tax forms filed by the defendant, who failed to answer or otherwise appear in the action).

### 5. Whether Mr. Miroshnichenko's default was due to excusable neglect

There is no indication that Mr. Miroshnichenko's default was due to excusable neglect. As discussed, the record demonstrates that the United States personally served him with notice of this lawsuit and also mailed to him a copy of the government's request for entry of his default. Mr. Miroshnichenko has never appeared or responded, suggesting that he has chosen not to present a defense in this matter. This factor also weighs in favor of default judgment.

### 6. The strong policy favoring decisions on the merits

While the court prefers to decide matters on the merits, Mr. Miroshnichenko's failure to participate in this litigation makes that impossible. A default judgment against him is the government's only recourse. *See United States v. Roof Guard Roofing Co, Inc.*, No. 17-cv-02592-NC, 2017 WL 6994215, at *3 (N.D. Cal., Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome.").

## C. Requested Judgment

Because this Court concludes that default judgment is warranted, it now considers the outstanding tax liabilities that the United States seeks to reduce to judgment. Fed. R. Civ. P. 55(b)(2)(B). "In an action to collect tax, the government bears the initial burden of proof." *Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990). "The government, however, may satisfy this initial burden by introducing into evidence its assessment of taxes due." *Id*. "Normally,

introduction of the assessment establishes a *prima facie* case." *Id*.

As discussed, the government submitted certified IRS Forms 4340 for all the taxes assessed, and this Court has been presented with no evidence to the contrary. Those forms therefore are sufficient to prove the amount of Mr. Miroshnichenko's tax liability. *Hansen*, 7 F.3d at 138; *Hughes*, 953 F.2d at 540. *See also Roof Guard Roofing Co., Inc.*, 2017 WL 6994215 at *5 (concluding that the defendants' outstanding tax liabilities should be reduced to judgment where the United States presented certified IRS Forms 4340 establishing the amount of assessed taxes the defendants owed). This Court therefore recommends that the United States' motion for default judgment be granted.

## CONCLUSION

Because not all parties have consented to the undersigned's jurisdiction, IT IS ORDERED THAT this case be reassigned to a district judge. For the reasons discussed above, it is RECOMMENDED that the United States' motion for default judgment be granted and that Mr. Miroshnichenko's outstanding tax liability for the tax years 2005, 2006, 2008, 2009, 2010 and 2011 be reduced to judgment in the amount of $2,301,240.57, plus statutory interest and penalties, computed from September 21, 2017, until paid in full.

The United States is directed to personally serve Mr. Miroshnichenko with this Report and Recommendation and to file a proof of service with the Court. Any party may serve and file objections to this Report and Recommendation within 14 days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civ. L.R. 72-3.

Dated: July 12, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge